**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

---

RALPH FOX,

Plaintiff,

vs.

PLUM CREEK TIMBER COMPANY, INC., and PLUM CREEK MARKETING, INC.,

Defendants.

CV 12-2-M-DLC-JCL

FINDINGS & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Plaintiff Ralph Fox ("Fox") has moved to dismiss the most recent contract-based counterclaim asserted against him by Defendants Plum Creek Timber, Inc. and Plum Creek Marketing, Inc. (collectively "Plum Creek"). Because the counterclaim fails to state a claim upon which relief can be granted, Fox's motion should be granted and Plum Creek's counterclaim should be dismissed.

## I. Background

In 1999, Fox and Plum Creek entered a contract pursuant to which Fox was to log an area of land known as "Rainy Cat" on behalf of Plum Creek. Fox alleges that the Rainy Cat area was contaminated with asbestos fibers and claims he was

diagnosed with pleuralism in March 2011. Fox brings this action against Plum Creek alleging claims for negligence, fraudulent and negligent misrepresentation, and premises liability. He alleges that Plum Creek negligently exposed him to asbestos fibers when it instructed him to work at the Rainy Creek location, and falsely represented to him that the area was safe. Dkt. 32. Fox also claims that Plum Creek failed to maintain the Rainy Creek lands in a reasonably safe condition and did not warn him of hidden dangers. Dkt. 32.

In answer to Fox's first amended complaint, Plum Creek asserted a counterclaim for "Breach of Tender and Request for Indemnification" alleging that Fox had a contractual duty to defend and indemnify it against his own lawsuit. Dkt. 15, at 5. The Court dismissed the counterclaim on Fox's motion, concluding that to require Fox to defend and indemnify Plum Creek against his own lawsuit would run afoul of Mont. Code Ann. § 28-2-702, which invalidates any contractual clause that allows a party to exempt itself from responsibility for its own negligence. Dkt. 26 & 29.

Plum Creek has since asserted a new counterclaim against Fox, this time for "Failure to Procure Insurance." Dkt. 33, at 6-7. Plum Creek alleges that Fox breached his contractual duty to procure a commercial general liability insurance policy protecting Plum Creek from claims like those Fox asserts here. Fox

maintains that Plum Creek is once again trying to exculpate itself from any potential liability for its alleged negligence, and moves to dismiss the counterclaim accordingly.

## II. Legal Standards

A motion to dismiss a counterclaim is governed by the same legal standard that applies to a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A counterclaim will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the counterclaim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate.[1] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

---

[1] While it is not typically appropriate to consider material beyond the complaint or counterclaim on a Rule 12(b)(6) motion to dismiss, the Court may consider the parties' contract because it is central to Plum Creek's counterclaim and its authenticity is not in dispute. See e.g. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III. Discussion

Fox moves to dismiss Plum Creek's breach of contract counterclaim on the grounds that: (1) it is barred by the doctrines of res judicata and law of the case; (2) it substantively fails to state a claim for relief, and; (3) Plum Creek has waived its right to raise the counterclaim. Because it is dispositive, the Court begins with Fox's argument that Plum Creek's counterclaim fails to state a claim upon which relief can be granted.

Plum Creek's counterclaim alleges that Fox "materially breached the logging contract by failing to procure insurance as required by the contract." Dkt. 33, at 7. In particular, Plum Creek alleges Fox breached the contractual provision requiring him to obtain liability insurance "sufficient to protect [Fox] and [Fox's] subcontractors, to the extent that they are involved in the work, and Plum Creek against the claims of third persons, and to cover claims by Plum Creek against [Fox] for which [Fox] has assumed liability under this Contract." Dkt. 33, at 7.

Fox argues that this provision required only that he procure liability insurance to protect Plum Creek from claims by third persons, and did not require him to insure Plum Creek against his own claims of negligent and fraudulent conduct. As Fox correctly points out, the only claims in this case are between the two contracting parties – Fox and Plum Creek – which means there are no claims

by "third persons" as contemplated by the insurance provision. Absent such a third-party claim, Fox takes the position that the insurance provision simply does not apply and Plum Creek's counterclaim for breach of that provision thus fails as a matter of law.

Plum Creek maintains that Fox's entire argument is fundamentally flawed because it is based on an incomplete reading of the insurance provision, which required Fox to procure liability insurance to cover two types of claims: (1) third-person claims against Plum Creek, and (2) claims by Plum Creek against Fox, for which Fox had assumed liability under the contract (the "contractual liability clause"). Plum Creek evidently agrees that there have been no "third-person claims" in this case, but argues Fox was nonetheless required to procure insurance to protect it against this lawsuit because it has asserted claims against Fox for which he has assumed liability under the contract. Specifically, Plum Creek points out that it "asserted a claim against Fox for defense and indemnification – claims for which Fox assumed liability in the logging contract," and contends that the contractual liability clause therefore "required that Fox provide insurance protecting Plum Creek from such a claim." Dkt. 36, at 8. In other words, Plum Creek argues that because Fox agreed to assume liability for its defense and indemnification, he was contractually obligated to procure insurance to protect

Plum Creek against the claims for negligent and fraudulent conduct he has asserted in this case.

This argument is problematic, however, because it is based on the faulty premise that Fox did in fact assume liability for defending and indemnifying Plum Creek against his own lawsuit. The logging contract required Fox to procure insurance to cover claims by Plum Creek against Fox, for which Fox had assumed liability. According to Plum Creek, Fox assumed liability for its "claim against Fox for defense and indemnification." But the Court has dismissed that claim, and in doing so made clear that the defense and indemnity provisions of the logging contract, as applied to Fox's personal injury claims against Plum Creek, would run afoul of Mont. Code Ann. § 28-2-702. Dkt. 26 & 29. Restated, because the indemnity and defense provisions of the logging contract, as applied to Fox under the circumstances of this case, are void as a matter of public policy, they are unenforceable against Fox. See *Modroo v. Nationwide Mutual Fire Ins. Co.*, 191 P.3d 389, 399 (Mont. 2008).

Notwithstanding this determination, Plum Creek stands by its position that Fox "assumed liability" for its "claim against Fox for defense and indemnification." But because this Court has held that Mont. Code Ann. § 28-2-702 precluded Fox from assuming liability for that claim, and has in fact dismissed

that claim, the contractual liability clause of the insurance provision may not be enforced against Fox with respect to his personal injury claims against Plum Creek. Absent a valid assumption of liability, the logging contract's liability insurance clause cannot be read as imposing a contractual duty on Fox to procure insurance covering his claims against Plum Creek. Plum Creek's counterclaim thus fails to state a claim upon which relief can be granted and should be dismissed.[2]

## IV. Conclusion

Based on the foregoing,

IT IS RECOMMENDED that Plaintiff's motion to Dismiss Defendants' Counterclaim be GRANTED.

DATED this 19th day of November, 2012.

Jeremiah C. Lynch
United States Magistrate Judge

[2] Having so concluded, the Court need not address Fox's alternative arguments as to waiver, res judicata, and the law of the case.