IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| RALPH FOX, | ) | CV 12-2-M-DLC-JCL |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| PLUM CREEK TIMBER | ) | |
| COMPANY, INC., and | ) | |
| PLUM CREEK MARKETING, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Ralph Fox moved to dismiss the pending counterclaim asserted

against him by Defendants Plum Creek Timber, Inc. and Plum Creek Marketing,

Inc. ("Plum Creek").  (Doc. 34.)  United States Magistrate Judge Jeremiah Lynch

issued findings and recommendations on November 19, 2012, recommending the

counterclaim be dismissed for failure to state a claim upon which relief can be

granted.  (Doc. 40.)  Plum Creek timely objected to the findings and

recommendations and is therefore entitled to *de novo* review of the specified

1

findings or recommendations to which it objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Lynch's findings and recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Plum Creek's counterclaim alleges Fox breached the parties' logging contract by failing to procure liability insurance as required. The contractual provision at issue requires Fox (Contractor) to "maintain a policy(ies) of liability insurance . . . sufficient to protect Contractor and Contractor's subcontractors, to the extent that they are involved in the work, and Plum Creek against the claims of third persons, and to cover claims by Plum Creek against Contractor for which Contractor has assumed liability under this Contract." (Doc. 19-1 at 10.) Plum Creek objects to Judge Lynch's finding that the contractual provision requiring Fox to purchase insurance protecting Plum Creek from lawsuits similar to Fox's is unenforceable under Montana law. Plum Creek contends that enforcement of the insurance provision of the contract does not undermine Montana Code Annotated § 28-2-702 because it does not exempt Plum Creek from liability for its own

2

negligence.

Judge Lynch correctly determined that Plum Creek's counterclaim fails because it is based on the faulty premise that Fox assumed liability for defending and indemnifying Plum Creek against his own lawsuit. This Court previously dismissed Plum Creek's prior counterclaim against Fox as violating Montana Code Annotated § 28-2-702. (Doc. 29.) Because the Court has already held that Fox cannot assume liability for his own claim against Plum Creek, the contractual liability insurance clause cannot impose a duty on Fox to procure insurance covering his claims here.

Plum Creek's attempts to distinguish the indemnity provision from Fox's duty to procure insurance were presented to Judge Lynch and are similarly unpersuasive to this Court. Because the Court has dismissed Plum Creek's prior counterclaim regarding defense and indemnity, the contractual liability clause of the contract likewise cannot be enforced against Fox for his personal injury claims against Plum Creek. The Court's prior ruling is fatal to Plum Creek's counterclaim and it must be dismissed.

There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS ORDERED:

1.  Judge Lynch's Findings and Recommendations (doc. 40) are adopted in full.

2.  Plaintiff's motion to dismiss Defendants' counterclaim (doc. 34) is GRANTED and Defendant's counterclaim is hereby DISMISSED.

DATED this 25th day of January, 2013.

_____
Dana L. Christensen, District Judge
United States District Court